# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY RIVERA-MOREL,** | : | **CIVIL ACTION NO. 1:17-CV-122** |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **BARRY SMITH,** *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Gregory Rivera-Morel ("Rivera-Morel") filed the instant application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). We will deny Rivera-Morel's petition.

## I. Factual and Procedural Background

The Superior Court of Pennsylvania summarized the factual and state procedural background of this case as follows:

> On March 10, 2014, Appellant entered a negotiated guilty plea at three separate dockets to various charges including robbery, simple assault, a firearm violation, and intimidation of a witness. On June 25, 2014, the trial court sentenced Appellant, in accordance with the plea agreement, to an aggregate term of seven to fourteen years of imprisonment. Appellant filed neither a post-sentence motion nor a direct appeal.
>
> On March 23, 2015, Appellant filed a timely *pro se* PCRA. The PCRA court appointed counsel and PCRA counsel later filed a supplemental PCRA petition requesting reinstatement of Appellant's direct appeal rights *nunc pro tunc*. The PCRA court held an evidentiary hearing. Appellant presented his own testimony and rebuttal testimony from his mother. Appellant's trial counsel also testified. At the conclusion of the hearing, the PCRA court took the matter under advisement.

> The PCRA court ultimately dismissed Appellant's PCRA petition. This timely appeal follows.
>
> Appellant raises one issue for our review: "Whether [trial] counsel provided deficient performance when counsel failed to file a Notice of Appeal, even though Appellant plead guilty, effectively denying Appellant his Constitutional right to direct appeal." Appellant's Brief at 3.

Commonwealth v. Rivera-Morel, No. 421 MDA 2016, 159 A.3d 596 (Pa. Super. 2016) (unpublished memorandum); (see also Doc. 1 at 7). The Pennsylvania Superior Court affirmed the credibility determinations made by the PCRA Court, in finding that trial counsel did not fail to file a direct appeal; rather, the evidence showed that Rivera-Morel did not request that counsel take such action. Id.

Rivera-Morel timely filed the instant Section 2254 petition, raising the single claim of counsel's ineffectiveness for failing to file a notice of appeal. (See Doc. 1 at 3). A response to the petition has been filed. (Doc. 8). No traverse has been filed. The petition is ripe for disposition.

## II.  **Standards of Review**

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62,

2

67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 68.

**A.    Exhaustion**

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).[1] Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."

---

[1] In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only to the Pennsylvania Superior Court.

3

McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999); see also Nara v. Frank, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, Picard v. Connor, 404 U.S. 270, 278 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard, 404 U.S. at 275).

**B.     Merits Standard**

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court

4

will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson v. Virginia, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." Breighner v. Chesney, 301 F. Supp. 2d

354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[2]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Porter, 276 F. Supp. 2d at 296; see also Williams v. Taylor, 529 U.S. 362, 408-09 (2000); Hurtado v. Tucker, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp. 2d at 296; see also Williams, 529 U.S. at 408-09.

### C. Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). This right to effective assistance of counsel also extends to the first appeal. Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004). In Strickland, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. Strickland, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. See id.

In evaluating the first prong of the Strickland test, the court must be "highly deferential" toward counsel's conduct. Id. at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional

---

[2] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

6

assistance. Id. ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "Strickland and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." Rolan v. Vaughn, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing Strickland, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. Strickland, 466 U.S. at 691; United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. See Thomas v. Varner, 428 F.3d 491, 502 (3d Cir. 2005).

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the Strickland test. Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. Strickland, 466 U.S. at 697.

## III. Discussion

Rivera-Morel's sole claim is that defense counsel failed to file a notice of appeal. (Doc. 1 at 3). In support of his claim, he states only that "a defendant have (sic) a right to direct appeal even if the defendant pleads guilty." Id. Respondents do not contest exhaustion of this issue. Hence, it will be addressed on the merits.

In deciding Rivera-Morel's claim, the Superior Court cited the Pennsylvania standard for ineffective assistance of counsel, as set forth in Commonwealth v. Ryker, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012) which instructs that:

> [t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

Clearly, the law applied by the Commonwealth was not contrary to the federal law. Neither did the Superior Court wrongly apply this law. Nor did the state courts' disposition of Rivera-Morel's claim result in a decision involving an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254(d).

The Pennsylvania Superior Court addressed Rivera-Morel's sole claim as follows:

> Appellant claims that he is entitled to the reinstatement of his direct appeal rights because he twice asked trial counsel to file an appeal, but was told that, by entering a negotiated guilty plea, he forfeited his appellate rights. As this Court has summarized:
>
>> Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. Commonwealth v. Lantzy, 558 Pa. 214, 736 A.2d 564 (1999). In Lantz, our Supreme Court held that an unjustified failure to file a direct appeal upon

8

request is prejudice *per se*, and if the remaining
requirements are satisfied, a defendant does not have to
demonstrate his innocence or the merits of the issue he
would have pursued on appeal to be entitled to relief.
However, such relief is only appropriate where the
petitioner plead and proves that a timely appeal was in
fact requested and that counsel ignored that request.
Commonwealth v. Harmon, 738 A.2d 1023, 1024 (Pa.
Super. 1999). A mere allegation will not suffice to prove
that counsel ignored a petitioner's request to file an
appeal.

Commonwealth v. Spencer, 892 A.2d 840, 842 (Pa. Super. 2006).

In the present case, the PCRA court heard the testimony from Appellant and his mother in support of his claim that he timely requested trial counsel to file appeal and that trial counsel told him he forfeited his right to do so because he entered a negotiated guilty plea. Conversely, trial counsel testified that Appellant never made such a request and that she never told him he forfeited his appellate rights by pleading guilty. The PCRA court resolved this matter of credibility against Appellant:

> This [c]ourt finds that [Appellant's] veracity is in question in light of his admission that he failed to read his guilty plea colloquy and failed to question counsel or the court on any matters he did not understand. It is quite clear from the record that his appeal rights were presented to him orally by [trial counsel] prior to and during his court appearance to plead guilty and in the written plea colloquy. Further, this [c]ourt finds [trial counsel's] testimony credible that she discharged her duty to inform [Appellant] of his appeal rights on multiple occasions but he failed to request that an appeal be filed. Furthermore, had [Appellant] forgotten to make such a request during his sentencing hearing, [trial counsel] followed up with a letter outlining his rights and met with his mother on more than one occasion which presented additional opportunities during which he could have sent a message to counsel regarding his desire [to file an appeal].

> In conclusion, this [c]ourt finds that [Appellant's] claim of ineffective assistance of counsel is without merit. Trial counsel did not fail to file a direct appeal; rather, the evidence shows that [Appellant] did not request that

9

> counsel take such action. Therefore, the instant Petition
> should be dismissed.
>
> There is record support for the PCRA court's credibility
> determinations. Where there is such support, "we, as a reviewing
> court, are bound by those determinations." Commonwealth v. Abu-
> Jamal, 720 A.2d 70 (Pa. Super. 1998) (citation omitted). See also Reyes-
> Rodriguez, 111 A.3d at 779; Commonwealth v. Harmon, 738 A.2d 1023,
> 1025 (Pa. Super. 1999).

Commonwealth v. Rivera-Morel, No. 421 MDA 2016, 159 A.3d 596 (Pa. Super. 2016) (unpublished memorandum); (see also Doc. 1 at 7).

In denying Rivera-Morel's claim, the Superior Court determined that the PCRA court made a credibility determination that defeated Rivera-Morel's claim. The Superior Court quoted portions of defense counsel's PCRA hearing testimony, which it found provided support for the PCRA court's finding that trial counsel did not fail to file a direct appeal; rather the evidence shows that Rivera-Morel did not request counsel to file a direct appeal. Noting that it was bound by the PCRA court's credibility determination where there is support for it on the record, the Superior Court concluded that there was no ineffective assistance of counsel, and Rivera-Morel was not entitled to relief on his claim.

Rivera-Morel has failed to proffer any clear and convincing evidence to overcome the presumption of correctness that attaches to the state court's findings. Accordingly, he is not entitled to relief on this ground.

## V. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has

made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. Here, jurists of reason would not find the disposition of this case debatable. However, Rivera-Morel is advised that he has the right to appeal our order denying his petition within 30 days, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the Third Circuit Court of Appeals. See Fed. R. App. P. 22.

## VI. Conclusion

For the reasons set forth above, the court will deny the petition for writ of habeas corpus. A separate order shall issue.


          /S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: April 3, 2020